**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ACV Auctions, Inc.,

                 Plaintiff,

              -against-

National Auto Auction Association, Inc.,
Auto Auction Services Corporation,
Manheim Auctions, Inc.,
ADESA US Auction, LLC, ADESA, Inc.,
ServNet Auction Group, and Independent Auto
Auction Services Corporation d/b/a
Independent Auction Group,

                Defendants.

Case No. 1:22-cv-00649

**DECLARATION OF EILEEN M. COLE IN SUPPORT OF PLAINTIFF'S**
**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR EXTENSION OF TIME**

I, Eileen M. Cole, declare as follows:

1. I am a partner associated with the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel for Plaintiff ACV Auctions, Inc. ("ACV"). This declaration is submitted in support of Plaintiff's opposition to Defendants' "Motion for Extension of Time." Dkt. 47.

2. I have personal knowledge of the following facts, and if called upon to testify, I could and would competently testify to their truth and accuracy.

3. ACV initiated this lawsuit on August 26, 2022. Dkt. 1.

4. On August 30, 2022, Jack McCann, then counsel to Defendant National Association of Auto Auctions ("NAAA") reached out to my partner, Jay Jurata via email regarding

-1-

potential waiver of service.  Aug. 30, 2022 email chain is attached hereto as **Exhibit A**, at 2-3.

Mr. McCann advised:

> Good morning. I have reviewed your Complaint with my client, the National Association of Auto Auctions ("NAAA").  NAAA is willing to waive service of process pursuant to Federal Rule 4(d)(1).
>
> Also, in speaking with counsel for Auto Auction Services Corporation and ServeNet Inc., Joe Ahern and Amanda Kill (copied here), those two Defendants are also willing to waive service of process pursuant to Federal Rule 4(d)(1).
>
> If you are amenable to this approach, please send us the pertinent requests for waiver of service forms and we will promptly complete and return them on behalf of our respective clients.

*Id.*

5.      As Jay Jurata was traveling, I responded to counsel for NAAA, Auto Auction Services Corporation ("AASC"), and ServNet Auction Group and agreed to pursue the process for a waiver outlined in Rule 4 of the Federal Rules of Civil Procedure.  Ex. A at 2.  I worked with local counsel to make the formal request and document the waiver with counsel.  The waivers were filed with the Court as Docket Nos. 8-10.  Pursuant to Rule 4, NAAA, AASC, and ServNet's responses to the Complaint were initially due on October 31, 2022.

6.      The remaining defendants were served between September 2nd and September 20th, 2022.  Dkts. 5-7, 11.  Under the Federal Rules of Civil Procedure these Defendants had 21 days from service to respond.  Based on the docketed service information, under the Federal Rules of Civil Procedure, the remaining Defendants' original response dates were:

| Defendant | Served | FRCP Rule 12 Deadline |
|---|---|---|
| ADESA US Auction, LLC | 9/2/2022 | 9/23/2022 |
| Independent Auto Auction Services Corporation d/b/a Independent Auction Group | 9/6/2022 | 9/27/2022 |
| ADESA, Inc. | 9/7/2022 | 9/28/2022 |
| Manheim Auctions, Inc | 9/20/2022 | 10/11/2022 |

7.      On September 15, 2022, I received a call from David Norris, counsel for Defendant ADESA US Auctions, Inc.  Sept. 15, 2022 email communication chain attached as hereto **Exhibit B** at 5.  Mr. Norris requested an extension for his client to respond to ACV's Complaint. *Id*. Over the next few days we emailed regarding a stipulated briefing schedule. *Id*. at 2-5.

8.      On September 20, 2022, John Hamill, counsel for Independent Auto Auction Services Corporation, reached out to Jay Jurata about an extension.  Sept. 20, 2022 email string is attached hereto as **Exhibit C at 4**.  He stated:

> This is John Hamill over at DLA Piper.  At least for purposes of this extension request, we represent Independent Auto in this matter.  Right now Independent Auto has a response date of 9/27.  We assume that there will be a uniform response date, for all the usual reasons, and we assume that that will be in the works.  In the meantime, can we get your agreement that Independent Auto have an extension to respond to the complaint on a date that is consistent with the other defendants' current response date -- which I understand is 10/31?

*Id*.

9.      ACV stipulated to a briefing schedule with Defendants ADESA US Auction LLC and IAG at the same time.  *See* Ex.C, at 1; Sept. 20, 2022 email chain attached hereto as **Exhibit D**, at 2-3.  On September 21, 2022 counsel for ADESA US Auction, LLC filed a Stipulation that the Defendants ADESA US and IAG would respond by October 31, 2022.  Dkt. 12.  The parties also indicated that they work toward a joint briefing schedule.

10.      On September 21, 2022, I received a call from Jennifer Giordano, counsel for Manheim, requesting an extension to respond for Manheim.  Ms. Giordano also stated that the Defendants had been speaking and that she believed that we could negotiate a consolidated joint briefing schedule for all defendants to streamline issues and briefing.  I asked her to send me a proposal in writing.  On September 22, 2022, I received an email from Ms. Giordano.  Sept. 22, 2022 email chain attached hereto as **Exhibit E**, at 3-4. In her email Ms. Giordano proposed the November 11, 2022 on behalf of the defendants:

> You asked that I put in writing defendants' proposal to address the fact that different defendants currently have different deadlines to respond to the complaint.   To avoid inefficiency and potential seriatim motions, I'm writing on behalf of all defendants to request an extension of time for all defendants to respond to the complaint until November 11, 2022.
>
> In exchange for that extension (and to avoid ruining anyone's holidays), defendants are willing to agree to additional time for plaintiff to respond to the motion(s) to dismiss.   We propose the following briefing schedule:
>
> 1.        Opening brief(s) on November 11, 2022
> 2.        Opposition brief(s) on January 13, 2022
> 3.        Reply brief(s) on February 10, 2022
>
> Please let us know if this acceptable to plaintiff.

*Id*.

11.      After conferring with ACV, on September 27, 2022, I advised Ms. Gordano that ACV agreed to the schedule, and I offered to draft a stipulation.  Ex. E at 3.  That afternoon I received outreach from Eva Cole, counsel for ADESA, Inc.  Ms. Eva Cole advised that ADESA, Inc.'s "response deadline is tomorrow, so we need to get something on file by then. Please let me know if we can do anything to help expedite."  Sept. 27, 2022 email chain attached hereto as **Exhibit F**, at 2.  I sent a draft stipulation to Ms. Eva Cole and Ms. Giordano that night.  Ex. E at 2.  In the draft I included that on November 11, 2022 the defendants would file "a consolidated joint motion."  Ex. E at 9.

12.      In the afternoon, on September 28, 2022, Eva Cole sent back redline comments from the defendants, advising that all defendants had not yet signed off.  Among other things the comments struck the language that the Defendants would file a joint consolidated brief.  Sept. 22, 2022 email chain attached hereto as **Exhibit G**, at 3.  I emailed Ms. Giordano and Ms. Eva Cole about the change: "Based on the call with Jenn, I understood that Defendants intended to file a joint brief on common issues.  The edits seem to have struck that.  Is that no longer the intent?" Sept. 22, 2022 email chain attached hereto as **Exhibit H**, at 2. Ms. Giordano responded: "That is

still the intent.  However, as I mentioned to you, it is possible that some defendants may have certain individualized issues that that may choose to raise.   We edited the language so that it encompassed that possibility too." *Id*. A little before 5 pm they sent me a clean version of the stipulation agreed upon by all defendants.  I responded: "We would like to make clear that joint briefing with this reservation of rights has been agreed.  Also, if ACV is facing 7 briefs all at once, ACV would like up to 90 days to respond.  Please see attached redline." *Id*. The redline added the following: "To the extent Defendants move to dismiss, Defendants will file a joint brief addressing common issues.  Defendants reserve the right to also file individual briefs that address individual issues." *Id*. at 9.

13.    Lauren Duxstad, counsel for ADESA, Inc. responded and suggested also adding 30 days to the Defendants reply period for a total of 60 days and adding that the parties would meet and confer over page limits.  Sept. 28, 2022 email chain attached hereto as **Exhibit I**, at 2.

14.    Defendants and ACV reached agreement to these terms.  Sept. 22, 2022 email chain reflecting that agreement attached hereto as **Exhibit J**, at 2-3.

15.    The parties submitted a Stipulation and [Proposed] Order Regarding Time for Defendants to Answer, Move, or Otherwise Respond to the Complaint and Consolidated Briefing Schedule on September 28, 2022.  Dkt. 14.  Under the consolidated briefing schedule, the parties agreed that:

> "Defendants shall respond to the Complaint by November 11, 2022.  To the extent Defendants move to dismiss, Defendants will file a joint brief addressing common issues.  Defendants reserve the right to also file individual briefs that address individual issues.  The parties will meet and confer regarding page limits for briefing.
>
> If Defendants move to dismiss, ACV shall file and serve opposition papers on February 9, 2023.
>
> Defendants may have until April 10, 2023 to file and serve reply papers."

16.     At no time during any of the communications with Defendants during August and September about the waivers or any of the stipulated briefing schedules did Defendant raise the issue of venue or a motion to transfer.

17.     On October 20, 2022, Eva Cole, counsel to ADESA, Inc. sent me an email asking to speak. Sept. 22, 2022 email chain attached hereto as **Exhibit K**, at 5. We arranged via email to speak on October 21, 2022. *Id*. at 3-4. On the call, on behalf of all defendants, Ms. Eva Cole asked that ACV agree to "pause" the litigation. Ms. Eva Cole said that some defendants were considering motions regarding personal jurisdiction and venue and that a pause could allow streamlining and that Defendants wanted to avoid rebriefing. I said that these issues are typically briefed together. I advised that I understood her to be asking for an extension and asked how much time plaintiffs were asking for, she replied 60 days. Defendants did not propose anything else.

18.     After consulting with ACV, on October 27, 2022, I spoke to Ms. Eva Cole on the phone and advised her that ACV has agreed to substantial additional time for all defendants, in recognition of both individual and jointly briefed issues and at this point in time it is not willing to extend that time further. Oct. 27, 2022 email chains arranging our call attached hereto as **Exhibit L** at 2, and **Exhibit M**, at 2.

19.     The next day, on Friday, October 28, 2022, Defendants filed a joint motion on behalf of all defendants to transfer venue to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). Dkts. 43–44.

20.     On Saturday, October 29, 2022, Ms. Eva Cole, counsel for Defendant ADESA, Inc., emailed me on behalf of all Defendants:

> As I'm sure you saw, Defendants filed a motion to transfer yesterday. Defendants are amenable to working with you on an acceptable schedule for the motion to transfer briefing in exchange for assent to make the motion to dismiss deadline 28 days after a decision on the motion to transfer. As previously discussed, we do not

believe it is efficient to file the motion to dismiss brief until the venue is settled. If you could please let us know by COB Monday, we would appreciate it.

Oct. 29, 2022 email communication string between me and Ms. Eva Cole attached hereto as

**Exhibit N**, at 4.

21.    On October 31, 2022, I responded:

While we previously discussed that some or all of the Defendants were considering a venue or personal jurisdiction motion, the only request made by Defendants was for ACV to again extend the deadline 60 days for Defendants to answer or move to dismiss.  As previously advised, the parties have already agreed to a significant extension and ACV sees no reason to extend it further.  Defendants motion to transfer has not changed this.  ACV will respond to the motion to transfer as outlined in the applicable rules.  ACV declined to agree to any further extension of the motion to dismiss deadline in light of the significant extension already provided under the consolidated briefing schedule.

Ex. N at 3.

22.    The Court entered the parties September 28, 2022 stipulated briefing schedule on

October 31, 2022.  Dkt. 46.

23.    On Tuesday, November 1, 2022, Ms. Eva Cole emailed me regarding Defendants

intent to file an expedited motion:

We will be filing an expedited motion for an extension of time pending resolution of Defendants' transfer motion.  It will be a two-page motion.  Can we please agree to a briefing schedule on the motion to extend as follows:

- Defendants will file their 2-page motion today
- Plaintiff will respond by Friday
- Defendants will file a reply brief if necessary by Monday

Ex. N at 2-3.

24.    That day I replied:

Plaintiff ACV does not consent to any motion and asks that Defendants note that the Plaintiff does not consent and will oppose.  In terms of schedule, if Defendants file today, Plaintiff will agree to respond to Defendants' request to expedite by Saturday, and Defendants may reply by Monday.

Ex. N. at 2.  I phrased my response that way because I understood the that local rules had certain requirements for a motion seeking expedited relief.

25.    On November 4, 2022 I received an email from Eva Cole requesting to talk about page limits for the Motion to Dismiss.  Nov. 4, 2022 email chain attached hereto as **Exhibit O** at 3. This is the first outreach we have had from Defendants to meet and confer about the page limits. Ms. Eva Cole was not able to speak on Friday and asked to speak on Monday November 7, 2022 instead.  *Id*. at 2.

26.    I am aware that Defendants' request to expedite their "Motion for Extension of Time" failed to comply with this Court's Local Rule 7.d(1).  Not only did Defendants' fail to bring this request to expedite by separate motion, but they also failed to include a Proposed Order regarding that request (L.R. 7d(1)(B)).  Plaintiff did not consent to any alternate practice.  For the Court's convenience, attached as **Exhibit P** is a Proposed Order denying Defendant's request to expedite and their motion to extend.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of November, 2022 in Vienna, Virginia,

By:    _____
          Eileen M. Cole

-8-